SPENCER ROOT & others *vs.* RICHARD COLTON.

In the levy of A.'s execution, appraisers set off twenty-two acres of the judgment debtor's land, subject to a supposed life estate of S. in one half thereof, S. having no estate therein, and deducted from the appraised value of the land the amount of such supposed incumbrance : B. afterwards caused an execution against the same judgment debtor to be levied on the land, appraised at its value as an unincumbered fee simple. In an action by B. against A. to recover possession of said land, it was held that he was entitled to recover, as A.'s levy was vitiated by the proceedings of the appraisers. *Held* also, that A. could not support his levy against the levy of B. by showing that at the time when both executions were levied, the judgment debtor in fact owned only eight acres of the land as an unincumbered fee, and had only an estate during the life of L. in the remaining fourteen acres.

WRIT of entry to recover a parcel of land in Northfield, called the Lyman pasture. The demandants claimed title under the levy of an execution in their own favor against Edwin Moody, on the 16th of April, 1839. The tenant claimed title under a prior levy of an execution against said Moody in favor of Eunice Brooks, and a conveyance from her to the tenant.

It appeared at the trial, that in appraising said Moody's estate in the demanded premises, on the levy of the last mentioned execution, the appraisers deducted therefrom the value of a supposed life estate of a Mrs. Smith, in an undivided moiety thereof; but that no such incumbrance then existed, as Mrs. Smith, after her marriage, and before the levy or attachment of said Eunice Brooks, had, jointly with her husband, executed and delivered to said Moody a quitclaim deed of all her interest in said premises.

The following is a copy of the appraisement which appeared

in the return on said execution : " We have set off the Lyman pasture and the swamp lot, as before described, subject to Sarah Smith, (widow of the late Samuel Lyman) right to the use of one half of the same during her life, appraised at $ 243·75." On said execution of the demandants, the same premises were appraised as a fee simple estate, by the same appraisers, at $ 322·19.

It was proved, or admitted, that said Lyman pasture contained twenty-two acres and sixty rods.

The tenant was permitted (the demandants objecting thereto) to give evidence, which had come to his knowledge since the levy of said execution, that Arad Lyman had another and different interest in a part of said premises, and that said Moody had a title in fee simple in only eight acres and sixty-two rods of said premises, and only a right to the use of an undivided moiety of the residue thereof during the life of said Sarah Smith. The tenant was also permitted to show, by the parol testimony of said appraisers, that the real value of said Moody's interest in the demanded premises, as above ascertained, is only $ 170·37. The case was taken from the jury for the consideration of the full court.

Such judgment to be rendered as the court shall direct.

*H. G. Newcomb* and *Aiken*, (*Grennell* was with them) for the demandants. The levy on which the tenant relies would have been void, if Moody had owned the unincumbered fee, as it was made with a deduction of a non-existing incumbrance. Rev. Sts. *c.* 73, § 8. See *Barnard* v. *Fisher*, 7 Mass. 71. *Atkins* v. *Bean*, 14 Mass. 404. *Litchfield* v. *Cudworth*, 15 Pick. 27. And this objection applies to the eight acres in which only he had such a fee, as well as to the whole lot.

In statute conveyances, all the requisitions of the statute must be complied with, and such compliance must appear on the proceedings. 15 Pick. 28, and cases there cited. *Pickett* v. *Breckenridge*, 22 Pick. 297. Parol testimony of appraisers cannot be received for the purpose of substituting a new appraisement, nor to show any thing which does not appear in the return. *Waterhouse* v. *Gibson*, 4 Greenl. 230.

*Wells* and *Davis*, for the tenant, argued that he might show that his debtor had a less estate in the demanded premises, than that described by the appraisers. Commissioners' note to Rev. Sts. *c.* 73, § 8. *Litchfield* v. *Cudworth,* 15 Pick. 23. *Mechanics' Bank* v. *Williams,* 17 Pick. 438. *Hitchcock* v. *Hotchkiss,* 1 Connect. 470. *Coos Bank* v. *Brooks,* 2 N Hamp. 151. *Whiting* v. *Bradley,* 2 N. Hamp. 83.

The tenant *has* shown a less estate in his debtor, than that which was set off on execution. The return shows that more than eight acres was allowed to the debtor. The evidence shows that the tenant took a fee in eight acres, and a reversion in the remainder, being a larger estate than the debtor had. According to the authorities, therefore, the tenant is entitled to hold what the debtor had.

If this view of the case is not adopted by the court, yet the tenant may show that the mistake in the appraisement was to his own detriment, and not to that of the demandants or others. A levy will not be set aside, unless the judgment debtor is injured.

DEWEY, J. The objection taken to the validity of the levy of the execution in favor of Eunice Brooks, under whom the tenant derives title, is, as it seems to us, an insuperable one. The judgment creditor must at his peril, in making his levy upon the real estate of the debtor, cause to be appraised as great an interest as the debtor has in the premises levied on. He may indeed treat an incumbered estate as though the same were held by the debtor by an indefeasible title, making no deduction for such incumbrance ; and in such case he will acquire a legal title to the extent of the debtor's interest, whatever that may be. *Mechanics' Bank* v. *Williams,* 17 Pick. 438. Such a levy could not operate prejudicially to the interest of the debtor. To obviate all uncertainty as to the extent of the interest thus seized and appraised, the Rev. Sts. *c.* 73, § 8 require that "in estimating the value of the estate of the debtor, the appraisers shall always value it as an estate in fee simple in possession, unless it is expressly stated in the description, indorsed on the execution, to be a less estate." The present return does, in this respect, fully comply with the requirements of the statute

The difficulty here is not the want of formality in the return, but it arises from the fact that the real interest of the debtor in the land was not correctly described in the levy, and that the property was not in fact subject to any such incumbrance as was supposed to exist, and on account of which a deduction to a considerable amount was made from the value of the premises levied upon. The estate of the debtor was appraised subject to the incumbrance of a life estate in one Sarah Smith in one half of the same. But there was no such incumbrance existing, the judgment debtor having previously acquired the interest of Sarah Smith in the premises, by a conveyance from her. Such being the state of the property, and of the defendant's interest in the same, it was not competent for a judgment creditor to have the same set off and appraised subject to the incumbrance of a life estate in Sarah Smith ; as the effect would be to transfer to the creditor a greater interest than was estimated by the appraisers, leaving the debtor to sustain an injury to the entire amount deducted by the appraisers for the supposed incumbrance. The levy must for this cause be held invalid, or manifest injustice would be done to the debtor who should thus be deprived of the benefit of an appraisement of his true interest in the premises levied upon.

But it is contended by the tenant, that the levy ought not in the present case to be avoided by reason of the erroneous deductions for a supposed incumbrance, inasmuch as there was, in relation to a part of the land set off on his execution, a want of title in the debtor, even to the extent it was estimated in the appraisement and description in the return ; so that the whole estate actually acquired by the creditor under the levy was less valuable than that appraised, and so no injustice has been done to the judgment debtor. We do not think this view of the case, though apparently an equitable one, can be sustained by us when required to settle the legal rights of the parties. The return of the levy and appraisement shows that from the whole estate in the land seized there was a deduction for a supposed incumbrance. The facts proved in the case show that as to eight acres of the land appraised, the debtor had a title in fee

simple, and that no part of the estate levied upon was under any such incumbrance as is described in the return and on account of which a deduction was made from the value of the debtor's interest in the premises set off.   This deduction, having been made for an incumbrance not in fact existing, was illegally made, and must necessarily vitiate the levy and subject the premises to be seized by any other creditor of the judgment debtor.   The demandants, having duly levied their execution on the same, are therefore entitled to recover the premises demanded in the present action.

*Tenant defaulted.*